### MARIE MINICHINO *v.* LINDA MINUIT
### (AC 28412)

McLachlan, Gruendel and Beach, Js.

Argued April 17—officially released July 15, 2008

*Joyce Michaels Elwell*, for the appellant (defendant).

*William R. Bowles*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. This is an appeal from an action quieting title to three single-family residential properties. The defendant, Linda Minuit, appeals from the judgment rendered in favor of the plaintiff, her sister, Marie Minichino, finding that the plaintiff, in her capacity as trustee, is the owner of and holds title to the real property at issue in the present case.[1] On appeal, the defendant contends that the court improperly (1) rendered judgment in favor of the plaintiff because it improperly found that the trust was valid and (2) found that the claimed defects in the chains of title were cured by the validating act, Special Acts 1997, No. 97-6 (S.A. 97-6).[2] We affirm the judgment of the trial court.

[1] In her original complaint, the plaintiff brought her civil action as a partition of sale action. The defendant counterclaimed asserting a quiet title action. At the start of the trial, the plaintiff elected not to proceed on her complaint and the parties stipulated to proceed on the quiet title claim.

The three properties are 51 Treadwell Street, Hamden; 79 Dawson Street, West Haven; and 16 Bayview Place, West Haven.

[2] In her statement of the issues, the defendant claims that the court improperly (1) rendered judgment in favor of the plaintiff and (2) denied the defendant's application for an order prohibiting the plaintiff from further using the trust and her name and identity. Yet, these claims do not correspond with the issues she addressed in her principal brief and reply brief. Therefore, we examine only the issues addressed in her briefs. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citation omitted; internal quotation marks omitted.) *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 479, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006).

The following facts, as found by the court in its memorandum of decision, are relevant to the resolution of the defendant's appeal. Before the start of trial, the parties stipulated that the only issue before the court was the quiet title claim. On July 12, 2006, the court conducted a trial on the quiet title action, subsequently issuing its ruling on December 12, 2006. As a result of the plaintiff's involvement in litigation with the California tax authorities, she consulted an attorney about preserving her assets for the benefit of her son, Michael Anthony Minichino. On the basis of her attorney's advice, on June 15, 1994, she created a family trust in her name and later changed its name to the Michael Anthony Family Trust (trust) on August 8, 1995.[3]

In 1994, the plaintiff, who was familiar with the Connecticut area, was visiting the state and attended a department of housing and urban development (department) real property auction in Trumbull with a list of properties she hoped to acquire as assets for the trust. At the meeting, in which the defendant and the parties' sister-in-law, Lucy Minichino, attended with the plaintiff, the plaintiff successfully bid on four properties, three of which are involved in the present action.[4]

Before the plaintiff closed on the purchase of the properties, her California attorney advised her that she "should not take title in her name and that it would be difficult to get financing if title was in a trust or trustee." Thereafter, the plaintiff and the defendant arranged to have the department transfer title in the name of the

---

[3] The plaintiff was the settlor and the trustee of the trust. According to the memorandum of decision, "[o]n September 10, 1995, the plaintiff, as settlor of the trust, appointed the defendant as the trustee of the trust, and the defendant accepted the appointment. . . . In July, 2001, the defendant resigned as said trustee." The record reflects that at the time of the trial, the plaintiff was the trustee of the trust. The court stated: "The plaintiff has been, and is now the [sole] trustee of said trust . . . ."

[4] The fourth property the plaintiff acquired was sold in 1997 and is not involved in the present case.

defendant as an accommodation maker, with the idea that the properties would be transferred to the trust, with the defendant serving as the trustee. The department transferred the properties by warranty deed to the defendant. The court found that on September 10, 1995, the plaintiff, acting as settlor of the trust, appointed the defendant as trustee, a position that the court concluded the defendant had accepted. The court further found that in the period in which the defendant served as trustee, she acted in the capacity as trustee, taking steps to transfer the property to the trust.[5]

At trial, the defendant claimed that some of the deeds were defective and confusing and that the intent of the grantors was unclear. She alleged that she signed the documentation, with respect to the trust, under duress and as a result of undue influence and control extended over her by the plaintiff. The court rejected the defendant's claims, finding that the defendant had failed to prove any of her allegations. The court found that the "three properties with which this case is concerned were acquired by the plaintiff from [the department], in the name of the defendant, with the intention of eventually conveying these properties to the trust. Both

---

[5] For the Bayview Place property, after the defendant acquired title from the department she quitclaimed the property to herself and the plaintiff as tenants in common. Then she quitclaimed her interest to the plaintiff, and two years later, the plaintiff quitclaimed her interest to the defendant as trustee of the trust. For the Treadwell Street property, the defendant acquired title from the department and then quitclaimed her interest to the plaintiff, who then quitclaimed her interest to the defendant as trustee of the trust. For the Dawson Street property, the defendant acquired the property from the department and quitclaimed her interest to the plaintiff, and the plaintiff quitclaimed her interest to herself and to the defendant as trustee of the trust.

The court found that except for the mortgage loan proceeds, the plaintiff supplied "all necessary funds" for the properties at issue. There was a mortgage loan in the amount of $47,600 given by the defendant when she purchased the Bayview Place property from the department, but the court found that the plaintiff subsequently had paid off the mortgage loan.

parties were aware of the purpose for which the properties were acquired, and the various deeds were executed by the parties in an effort to have the properties become assets of the trust." Thereby, the court rendered judgment in favor of the plaintiff, finding that the plaintiff, as trustee, holds title to the three properties at issue. This appeal followed.

On appeal, the defendant claims that the court improperly (1) rendered judgment in favor of the plaintiff because it improperly found that the trust was valid and (2) found that the alleged defects in the chains of title were cured by S.A. 97-6.[6] Although the defendant asserts these claims on appeal, the only issue before the trial court was a quiet title action, and this appeal is from the judgment in the quiet title action. The trial court carefully examined all the evidence and correctly applied the law. See generally *Stiepel* v. *Cone*, 14 Conn. App. 815, 541 A.2d 547, cert. denied, 208 Conn. 810, 545 A.2d 1107 (1988).

"Our review of the factual findings of the trial court is limited to a determination of whether they are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Internal quotation marks omitted.) *Ridgefield* v. *Eppoliti Realty Co.*, 71 Conn. App. 321, 328, 801 A.2d 902, cert. denied, 261 Conn. 933, 806 A.2d 1070 (2002).

---

[6] The court rejected the defendant's claims and found that she did not prove her allegations. Specifically, the court found that pursuant to S.A. 97-6, there was no claim and that the deeds were valid because the defendant did not challenge the deeds under S.A. 97-6.

A complete reading of the record reveals that the factual findings of the court are not clearly erroneous. The court reviewed the evidence and testimony before it and accordingly found that the plaintiff, as trustee, held the title to the three properties at issue.

The judgment is affirmed.