## JOHN GIROLAMETTI, JR. *v.* RIZZO CORPORATION*

Superior Court, Judicial District of Danbury
File No. CV-11-6006528-S

Memorandum filed April 19, 2012

*Proceedings*

*Michael J. Barnaby*, for the plaintiff.

*Alfred A. DiVincentis*, for the defendant.

* Affirmed. *Girolametti* v. *Rizzo Corp.*, 144 Conn. App. 77, 70 A.3d 1162 (2013).

WENZEL, J. This action comes before the court on the motion of the defendant, the Rizzo Corporation (Rizzo), to dismiss this action.

This is an action brought by the plaintiff, John Girolametti, Jr., to vacate an arbitration award entered in favor of the defendant. The basis of the motion to dismiss is that plaintiff's action was not brought within thirty days of the notification of the arbitration award, as is required by General Statutes § 52-420 (b). It should be noted that none of the material facts here are in dispute, and they will be briefly recited to focus on the key issue which controls disposition of this motion.

In 2007, the plaintiff and defendant entered into an agreement where the defendant would serve as the general contractor on a construction project for the benefit of the plaintiff. This contract contained an agreement to arbitrate any and all disputes which might arise between the parties. Of course, a dispute did in fact arise between these parties.

In April of 2009, the defendant commenced an arbitration action against the plaintiff with the American Arbitration Association (AAA), as called for under the agreement. Arbitration itself proved contested and controversial, lasting a number of hearing days and with plaintiff ultimately electing not to participate in the final two days of the proceeding. For a number of reasons, the date on which the pleadings were to be closed was modified. Accordingly, the date by which the arbitrator could render an award was also adjusted. On March 28, 2011, the arbiter entered an award in favor of defendant Rizzo and against the plaintiff. The total awarded was slightly in excess of $500,000. The award was contained in a written decision. The parties were notified of the award via electronic mail on March 28, 2011.

On March 31, 2011, counsel for Rizzo filed a request to correct the award. The request noted that the opening

paragraph of the award cited, as a basis for the arbitrator's authority, not only the agreement between the parties but also "pursuant to the terms of [General Statutes] § 4-61."[1] The written request for modification read that this statutory reference "appear[ed] to be a typographical error." On April 1, the AAA acknowledged receipt of the request for modification and directed that any comments from the respondent, plaintiff here, be made by April 8, 2011. On April 13, 2011, the AAA, noting the absence of any response, directed the request for modification to the arbiter for decision. On April 18, 2011, the AAA transmitted to the parties the decision of the arbiter on the request for modification. That decision, styled Disposition of Application for Modification of Award, noted that the request for modification was correct, and noted, "[t]he only reference should be to the Contract between the parties because this was a private arbitration." Within that decision, the arbiter amended the introductory sentence of the March 28 Award to delete any reference to § 4-61.

The Application to Vacate the Award was filed by plaintiff on May 18, 2011. There is no dispute that the date of commencement was more than thirty days from the notice of the March 28, 2011 award, but within thirty days of the amended award. The dispute between the parties here is which date should control in assessing the timeliness of this appeal.

Defendant's Motion to Dismiss calls into question the subject matter jurisdiction of this court. Such a motion tests "whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 213,

---

[1] General Statutes § 4-61 pertains to actions by persons who have entered into contracts with the state of Connecticut for certain highway and public works projects. The statute provides in subsection (b) thereof an alternative process whereby persons asserting such claims may submit a demand for arbitration before arbiters agreed upon between the parties or the AAA.

982 A.2d 1053 (2009). Here, defendant's motion is predicated on § 52-420 (b), which provides, "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." When such motions are filed more than thirty days from such notice, this court does not have subject matter jurisdiction to entertain the application. *Wu* v. *Chang*, 264 Conn. 307, 312, 823 A.2d 1197 (2003).

The defendant argues that the court must use the date of March 28 for several reasons. That is the date when the award was entered by the arbiter, the substantive terms of which have never been modified. The award on that date was clearly in favor of the defendant and the dispositive issues were resolved on that date. Defendant notes that the modification was sought under an arbitration association rule[2] the text of which does not permit any substantive change in the terms of the award. Moreover, in the e-mail which requested the modification, the defendant characterizes the inclusion of the language in question as merely a typographical error.

Defendant also cites as controlling law the case of *Shore* v. *Haverson Architecture & Design, P.C.*, 92 Conn. App. 469, 886 A.2d 837 (2005), cert. denied, 277 Conn. 907, 894 A.2d 988 (2006). Interestingly, plaintiff also claims *Shore* as controlling, but compelling the opposite result.

In *Shore*, the dispositive issue was not whether the motion to vacate was timely filed. In *Shore*, the award

---

[2] The AAA rule, referenced by the parties as Rule 47, but presently numbered R-48, is entitled "Modification of Award" and provides in pertinent part as follows:

"Within 20 calendar days after the transmittal of an award, the arbitrator on his or her initiative, or any party, upon notice to the other parties, may request that the arbitrator correct any clerical, typographical, technical or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided."

from the arbiter had been transmitted on April 28, 2004, and notice of a modification was provided to the parties on April 30, 2004. The modification simply added two lines which had been deleted from the facsimile transmission provided to the parties on April 28. Because the deadline for submission of the award by the arbitrator was April 28, the disappointed party to the arbitration argued that the award entered on April 28 was incomplete and ineffective, as it was not a final award. Thus, the disappointed party in *Shore* argued, the arbiter had failed to submit a decision within the period of time allowed for rendering an award. The person also argued that the April 30 modification of award was submitted outside the thirty day period allowed for submission of the award and was, accordingly, also ineffective.

In that context, the Appellate Court noted that the error in the facsimile transmission to the parties was well within the language of Rule 47 and that it could consider the April 28 award as meeting the applicable deadline.

The issue of whether or not the time within which a party could move to vacate or confirm an award could be measured from the date of the modified award did not appear to be argued or addressed in the *Shore* decision. In this regard, this court does not read the discussion in footnote 9 of *Shore* as addressing the relevant issue here. The footnote addressed an argument advanced by one of the parties that the correspondence on May 12, where he asked the AAA to address or amend certain "inconsistencies," did extend the time in which it was permitted to file an application to vacate. The problem with transplanting the footnote to control the disposition of this motion is that there are significant differences between the two cases, and it is possible to read the Appellate Court's comments in a number of different ways. Ultimately, *Shore* is not dispositive

because it appears the motion to vacate filed there was untimely under any calculation of the relevant date from which the thirty day period was to be measured.[3]

If *Shore* is not controlling, then it appears there is no Connecticut appellate authority which speaks to this issue, and each side has advanced arguments and authorities from other jurisdictions. The principal authority relied on by plaintiff is the Maryland Court of Special Appeals' decision in *Mandl* v. *Bailey*, 159 Md. App. 64, 858 A.2d 508 (2004). In *Mandl*, the Maryland court addressed the timeliness of a motion to vacate where a motion, under the AAA rule, had been filed seeking correction of the award. While the Maryland court found the original award was "final and complete when issued, [it held the award] was no longer final and complete once Mandl filed his motion to modify . . . ." Id., 103. On that basis, the court refused to dismiss an application to vacate filed outside the limitations period as measured from the initial decision. In reaching this decision, the Maryland court addressed not only similar cases from sister states, but also the underlying policies behind the Uniform Arbitration Act.

Defendant, on the other hand, argues this court should follow federal authorities which have squarely held motions for correction or modification do not toll the period of limitations under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. Defendant cites in this regard *Fradella* v. *Petricca*, 183 F.3d 17 (1st Cir. 1999), *Olson* v. *Wexford Clearing Services Corp.*, 397 F.3d 488 (7th

---

[3] In *Shore*, the motion to vacate was filed on a date (July 20) which was more than thirty days from any potentially relevant date such as the original award (April 28), the modification of award (April 30) or the AAA's denial of a request for correction (June 2). Given that any of these dates would be more than thirty days before the motion to vacate was filed, it is not clear that the Appellate Court intended to address this distinction or that its language on this issue could be more than obiter dictum.

Cir. 2005), and *Parsons, Brinckerhoff, Quade & Douglas, Inc.* v. *Palmetto Bridge Constructors*, 647 F. Supp. 2d 587 (D. Md. 2009).

Plaintiff argues that so long as the application for modification filed by defendant remained pending before the arbiter, the award of March 28 was not final. This argument is unpersuasive. It has long been recognized that in arbitration, "[a] final award is [o]ne [that] conclusively determines the matter submitted and leaves nothing to be done except to execute and carry out [its] terms . . . ." (Internal quotation marks omitted.) *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 293 Conn. 582, 594, 980 A.2d 819 (2009), quoting from *Marone* v. *Waterbury*, 244 Conn. 1, 12, 707 A.2d 725 (1998). There has been no showing here that the Award on March 28 was incomplete in any form or fashion or that any detail of any of the issues submitted for arbitration was not resolved by that decision. On its face, the Award does appear to address and resolve all the matters submitted. There is no credible contention here that the Award was not final or that it was incomplete.

There is also no credible claim that the defendant's request for modification somehow detracted from the finality of the Award. While the parties here dispute whether the superfluous reference to § 4-61 was a "typographical error,"[4] there is no contention this language could ever have any meaningful impact on the rights of the parties or that the modification requested could ever result in the material alteration of the award. This fact alone distinguishes *Mandl*, where the original award left some matters open which could have altered the financial impact of the award. By every definition,

[4] A better description of this phrase would be a "cut and paste" or word processing error, which is simply the modern equivalent of typographical errors.

the March 28 Award was a final and complete decision with no uncertainty left except, perhaps, as to word processing skills of the arbiter.

There is also no claim before the court that plaintiff was somehow misled, tricked or deceived as to the finality of the Award. Defendant's counsel took pains in his request to the arbiter to clarify the very limited nature of the request, and plaintiff did nothing to raise any concerns or questions he had. Finally, there is no claim here for any equitable tolling due to some set of extraordinary circumstances which prevented timely filing of an application to vacate. In short, the only issue is whether or not any request to the arbiter for modification tolls the period within which to file an application to vacate. In that regard the court finds the federal line of authority to be more persuasive, particularly under Connecticut's arbitration statutes.

Though, *Mandl* holds that a request for modification can either reset or toll the limitations period, this court does not follow it for three reasons. First, as mentioned above, the original award in that case clearly left open the record in that matter and invited the parties to submit any disagreements with certain calculations made in the award. Such disagreements could impact the financial results of the decision. Second, once disagreements were raised, the parties began to dispute other issues which the court found voluntarily submitted additional issues for arbitration. If the date of the original award served to limit the time for review, the parties' right to review would have expired before subsequent but substantive matters were determined. Finally, *Mandl* considered the issue under Maryland's statutory scheme, which was based on the Uniform Arbitration Act, a scheme Connecticut has not adopted.

Under the Uniform Arbitration Act, the arbiter is expressly authorized to modify, correct or clarify an

award. See § 9 of the Uniform Arbitration Act (1956) and § 20 of the Revised Uniform Arbitration Act (2000), 7 U.L.A. (2009) at pp. 458–59 and 70. When other sections of the uniform act measure time from the date of an award, they may be read to include modified awards. Connecticut has not adopted the Uniform Act and has no similar provision. In Connecticut, the only statute authorizing modification or correction of an award is General Statutes § 52-419 and this is by the Superior Court. In this regard, the provisions of the Federal Arbitration Act, codified at 9 U.S.C. §§ 1 through 16, are similar to Connecticut law. This absence of a statute allowing arbiter modification has been a basis for the federal courts considering this issue to hold that requests to arbiters to correct, modify or clarify do not toll the period in which vacation may be sought.[5] See, e.g., *Fradella* v. *Petricca*, supra, 183 F.3d 20 and n.4. For all these reasons, this court determines that the crucial date from which § 52-420 (b) compliance must be measured is the date of the Award, March 28, and the filing of the Application to Vacate was thus untimely.

The other basis on which plaintiff apparently seeks to avoid this motion is by disputing the applicability of *Bloomfield* v. *United Electrical, Radio & Machine*

---

[5] Plaintiff has not advanced any argument that the AAA rules allowing requests for modification can effectively substitute for statutory authorization and, accordingly, such a contention will not be entertained. Even were that contention made, there are several reasons this court would hesitate to be persuaded. First, the limitation appearing in § 52-420 (b) goes to the very subject matter jurisdiction of this court. *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Local, Union 14,* 285 Conn. 278, 284, 939 A.2d 561 (2008). Even if AAA rules are agreed to by the parties, such agreement cannot create jurisdiction in this court and, given the limitation in R-48c, this court cannot assume the rule was intended to change state law. More importantly, the paramount concern of certainty and predictability in commercial arbitration would be shattered if the timeliness of applications to vacate were to depend on the varied procedures and rules under which different arbitrations were conducted.

*Workers of America, Connecticut Independent Police Local, Union 14*, 285 Conn. 278, 939 A.2d 561 (2008). The court says "apparently" because while plaintiff does not dispute the clear holding of that case,[6] he contends he can continue to argue there was no agreement to arbitrate based on an alleged illegality in the agreement containing the arbitration clause. Whether or not that issue will survive in the context of another proceeding is not before this court. All this court need determine is whether the existence of a public policy defense precludes the enforcement of the limitations deadline here. In light of *Bloomfield*, it clearly does not.

Accordingly, the Motion to Dismiss is granted.

---

[6] "[W]e conclude that the thirty day filing period set forth by § 52-420 (b) applies to an application to vacate an arbitration award on the ground that it violates public policy." *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Local, Union 14*, supra, 285 Conn. 292.