41 A.3d 656 (2012)
304 Conn. 672
COUNCIL 4, AMERICAN FEDERATION OF STATE, COUNTY AND MUNCIPAL EMPLOYEES, AFL-CIO
v.
STATE ETHICS COMMISSION et al.
No. 18896.
Supreme Court of Connecticut.
Argued March 21, 2012.
Decided May 8, 2012.
J. William Gagne, Jr., West Hartford, with whom was Kimberly A. Cuneo, for the appellant (plaintiff).
Cynthia Isales, assistant general counsel, with whom was Barbara E. Housen, general counsel, for the appellees (defendants).
ROGERS, C.J., and NORCOTT, PALMER, ZARELLA, McLACHLAN, EVELEIGH and HARPER, Js.
PER CURIAM.
The defendant citizen's ethics advisory board (board), a division of the office of state ethics,[1] issued an advisory opinion in 2009 concluding that hearing reporters for the workers' compensation commission (commission) are not permitted under General Statutes § 1-84(c)[2] to prepare transcripts for private sale during the hours that they work for the state. The plaintiff, Council 4, American Federation of State, County and Municipal Employees, AFL-CIO, appealed to the trial court on behalf of the hearing reporters. The trial court dismissed the appeal. The plaintiff then filed this appeal.[3] The plaintiff claims, inter alia, that: (1) the trial court improperly concluded that the board properly treated the hearing reporters differently than Superior Court reporters, whom the *657 board previously had determined are allowed to prepare transcripts for private sale on state time; (2) the trial court's decision is in conflict with General Statutes § 51-63(e);[4] and (3) the trial court's decision is in conflict with a stipulated agreement between the plaintiff and the commission that allowed the hearing reporters to produce transcripts for private parties while they were working on state time.
After examining the record and the briefs and considering the arguments of the parties, we are persuaded that the judgment rendered by the trial court should be affirmed. The issues raised by the plaintiff were resolved properly in the thoughtful and comprehensive memorandum of decision filed by the trial court. Council 4, AFSCME, AFL-CIO v. State Ethics Commission, 52 Conn. Sup. 304, ___ A.3d ___ (2010). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat that discussion here. See, e.g., Socha v. Bordeau, 289 Conn. 358, 362, 956 A.2d 1174 (2008); Lord Family of Windsor, LLC v. Inland Wetlands & Watercourses Commission, 288 Conn. 669, 673, 954 A.2d 133 (2008).
The judgment is affirmed.
NOTES
[1] The office of state ethics is the successor agency to the state ethics commission. See General Statutes § 1-80. Both entities were named as defendants in the petition in this administrative appeal, in addition to Carol Carson, the executive director of the board, and Robert N. Worgaftik, chairperson of the board, at the time of the 2009 proceedings.
[2] General Statutes § 1-84(c) provides: "No public official or state employee shall wilfully and knowingly disclose, for financial gain, to any other person, confidential information acquired by him in the course of and by reason of the official duties or employment and no public official or state employee shall use his public office or position or any confidential information received through his holding such public office or position to obtain financial gain for himself, his spouse, child, child's spouse, parent, brother or sister or a business with which he is associated."
[3] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199(c) and Practice Book § 65-1.
[4] General Statutes § 51-63(e) provides: "Official and assistant stenographers in the offices of the workers' compensation commissioners shall be entitled, in addition to the compensation otherwise provided for, to the same fees for preparing transcripts as are provided for reporters in the Superior Court."