## MARK TUITE *v.* THE HOSPITAL OF CENTRAL CONNECTICUT (AC 34222)

Lavine, Alvord and Pellegrino, Js.

Argued February 13—officially released March 26, 2013

*Cynthia I. Crockett,* for the appellant (named plaintiff).

*Albert G. Danker, Jr.,* for the appellee (defendant).

*Opinion*

PER CURIAM. This appeal arises from a negligence action brought by the plaintiff Mark Tuite[1] against the defendant, The Hospital of Central Connecticut, concerning an injury the plaintiff purportedly suffered when he allegedly slipped on a drop of oil on the floor of the hospital cafeteria while making a salad at the salad bar. Following a bench trial, the court, *Alander, J.,* rendered judgment in favor of the defendant on the plaintiff's complaint and subsequently denied his motion for reargument and reconsideration. On appeal, the plaintiff (1) claims that the court incorrectly applied the mode of operation doctrine[2] and (2) challenges the court's evidentiary rulings regarding whether the mode of operation of the defendant's salad bar created a hazard of spilled oil and whether the defendant took reasonable steps to discover and remove any hazards. The

---

[1] The trial court granted the motion filed by Affiliated Computer Services to intervene as a plaintiff, but it is not a party to this appeal. References in this opinion to the plaintiff are to Tuite.

[2] Under the mode of operation rule, "a business invitee who is injured by a dangerous condition on the premises may recover without proof that the business had actual or constructive notice of that condition if the business' chosen mode of operation creates a foreseeable risk that the condition regularly will occur and the business fails to take reasonable measures to discover and remove it." *Kelly* v. *Stop & Shop, Inc.,* 281 Conn. 768, 769–70, 918 A.2d 249 (2007).

plaintiff further asserts that the court abused its discretion in denying his motion for reargument and reconsideration.

After examining the record and the briefs and considering the arguments of the parties, we are persuaded that the court correctly rendered judgment in favor of the defendant. The issues raised by the plaintiff were resolved properly in the trial court's thorough and well reasoned memorandum of decision. See *Tuite* v. *Hospital of Central Connecticut*, 52 Conn. Sup. 544, 72 A.3d 466 (2011). We therefore adopt the memorandum of decision as the proper statement of the relevant facts, issues and applicable law. It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Council 4, AFSCME, AFL-CIO* v. *State Ethics Commission*, 304 Conn. 672, 673, 41 A.3d 656 (2012); *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Nestico* v. *Weyman*, 140 Conn. App. 499, 500, 59 A.3d 337 (2013); *Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The plaintiff also challenges the denial of his motion for reargument and reconsideration. Because we conclude that the court properly rendered judgment in favor of the defendant, the court did not abuse its discretion in denying the plaintiff's motion for reargument and reconsideration. See, e.g., *Valentine* v. *LaBow*, 95 Conn. App. 436, 452–53, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006).

The judgment is affirmed.