JOHN GIROLAMETTI, JR. *v.* RIZZO CORPORATION
(AC 34547)

Lavine, Alvord and Bear, Js.

Argued May 23—officially released July 9, 2013

*Michael J. Barnaby*, for the appellant (plaintiff).

*Daniel J. Krisch*, with whom, on the brief, was *Alfred A. DiVincentis*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, John Girolametti, Jr., appeals from the judgment of the trial court dismissing his application to vacate an arbitration award issued in favor of the defendant, Rizzo Corporation, on the ground that it was not filed within thirty days of the notification of the arbitration award as required by General Statutes § 52-420 (b).[1] On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction over his application because the statutory time limitation for filing his application was extended by the defendant's having filed a motion with the arbitrator to modify the award, and his application properly was filed within thirty days of the issuance of the modified award. We affirm the judgment of the trial court.

In ruling on the defendant's motion to dismiss, the court issued a memorandum of decision that concisely and thoughtfully states the facts and the applicable law.

---

[1] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

See *Girolametti* v. *Rizzo Corp.*, 52 Conn. Supp. 592, 77 A.3d 217 (2012). After examining the record and the briefs and considering the arguments of the parties on appeal, we are persuaded that the court correctly determined that it lacked subject matter jurisdiction over the plaintiff's application. We, therefore, adopt the court's thorough and well reasoned memorandum of decision as the proper statement of the relevant facts, issues and applicable law. See id. No useful purpose would be served by repeating that discussion here. See, e.g., *Council 4, AFSCME, AFL-CIO* v. *State Ethics Commission*, 304 Conn. 672, 673, 41 A.3d 656 (2012); *Tuite* v. *Hospital of Central Connecticut*, 141 Conn. App. 573, 575, 61 A.3d 1187 (2013).

The judgment is affirmed.