******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN GIROLAMETTI, JR., ET AL. *v.* RIZZO
CORPORATION ET AL.
(AC 35353)

Beach, Bear and Pellegrino, Js.*

*Argued April 15—officially released August 5, 2014*

(Appeal from Superior Court, judicial district of
Danbury, Doherty, J.)

*Michael J. Barnaby*, for the appellant (named
plaintiff).

*Daniel J. Krisch*, with whom, on the brief, was *Alfred
A. DiVincentis*, for the appellee (named defendant).

*Opinion*

PELLEGRINO, J. The plaintiff, John Girolametti, Jr.,[1] appeals from the judgment of the trial court granting the application to confirm an arbitration award in favor of the defendant, Rizzo Corporation.[2] On appeal, the plaintiff claims that the court erred in confirming the arbitration award because it disregarded the requirements of state law concerning professional licensing and improperly determined that the plaintiff failed to preserve the issue of the legality of the arbitration agreement. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of the plaintiff's claims. In 2007, the plaintiff and the defendant entered into a contract, whereby the defendant would serve as the general contractor in building an addition to a Party Depot store owned by the plaintiff. The plaintiff submitted to the defendant a form contract drafted by the American Institute of Architects provided by the plaintiff's architect. The defendant signed the contract, which contained an agreement to arbitrate disputes. This agreement provided in relevant part: "All claims, disputes and other matters in question between the Contractor and Owner arising out of, or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. . . . The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."

When a dispute arose in April, 2009, the defendant submitted the dispute to arbitration in accordance with its agreement with the plaintiff, which the plaintiff initially agreed to and cooperated in. The arbitration began in December, 2009, and continued over a period of thirty-five sessions. The plaintiff attended and participated in every session except the last two, which he refused to attend. The arbitrator later entered his award on March 28, 2011, in favor of the defendant.

Before the arbitrator rendered his award, the plaintiff, on December 15, 2010, filed this action seeking a declaratory judgment and arguing that the contract between the parties was void. *Girolametti* v. *Rizzo Corp.*, Superior Court, judicial district of Danbury, Docket No. CV-11-6005230-S (January 3, 2013).[3] The defendant then filed an application to confirm the arbitration award in this action, to which the plaintiff filed an objection. On January 3, 2013, the court granted the defendant's application and also rendered judgment in favor of the defendant on the declaratory judgment complaint. This appeal followed.

The standard of review for arbitration disputes is well settled. "Judicial review of arbitral decisions is

narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." (Internal quotation marks omitted.) *Zelvin* v. *JEM Builders, Inc.*, 106 Conn. App. 401, 406, 942 A.2d 455 (2008).

The plaintiff contends that despite his untimely application to vacate the arbitration award, this court can still consider his claim of illegality because the contract, and therefore the arbitration agreement, is void.[4] He argues that the parties' contract violates state professional licensing laws because the defendant lacked the capacity to enter into a contract with the plaintiff. He also argues that he preserved this issue for appeal when he raised the legality of the contract in his opening statement at the arbitration hearing and when he "repeatedly demonstrated that [the] defendant 'offered' to provide professional engineering services for the entire project" without being licensed as an engineer. The plaintiff therefore concludes that the court erred in granting the defendant's motion to confirm the arbitration award. The defendant argues that the court properly granted its application to confirm the arbitration award for two primary reasons. First, the plaintiff failed to preserve the issue for appeal because he did not challenge the legality of the parties' contract or its arbitration clause during the arbitration, and, therefore, he waived any right to appeal. Second, the plaintiff did not file a timely application to vacate the arbitration award.[5] The defendant therefore concludes that the plain language of General Statutes § 52-417[6] and Connecticut case law required the court to grant its application. We agree with the defendant.

"We long have recognized two procedural routes by which a party may preserve the issue of the arbitrability of a particular dispute for judicial determination. . . . A party initially may refuse to submit to an arbitration and instead compel a judicial determination of the issue of arbitrability. . . . Alternatively, the issue of arbitrability may properly be left to an arbitrator or arbitration panel for a determination, along with the merits of the underlying dispute. . . . In the latter situation, a court may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration. . . . Such a claim may be raised through a collateral judicial action prior to the arbitration, through an application or motion to vacate the arbitration award or through an objection to the confirmation of the arbitration award. . . . [A] party seeking to vacate an award on the basis of one or more of the grounds enumerated in [General Statutes] § 52-418[7] must comply with the requirements of § 52-420 (b). . . . Specifically, a party who objects to an arbitration award on the basis of a ground specified in § 52-418 must do so within thirty days from notice of the award."[8] (Citations omitted; footnote added; internal quotation marks omitted.) *MBNA America Bank, N.A.* v. *Boata*, 283 Conn. 381, 392–93, 926 A.2d 1035 (2007).

Before reaching the merits of the plaintiff's claims, we first must determine whether the plaintiff properly preserved the issue for appeal. A party has two procedural options. Under the first method, a party may refuse to submit to arbitration at the outset and instead compel a judicial determination of the issue of arbitrability. In the present case, the plaintiff participated in the arbitration for thirty-three out of the thirty-five sessions. Only after these thirty-three sessions did he stop attending and file this action in court. The plaintiff, therefore, did not refuse to submit to arbitration at the outset. Thus, he failed to follow the appropriate procedure for raising an objection with the trial court. See *JCV Investment Group, Inc.* v. *Manjoney*, 56 Conn. App. 320, 323, 742 A.2d 438 (2000).

The alternative method to preserve an issue for appeal is for the party to present the issue to the arbitrator during arbitration. The plaintiff claims that his "counsel raised concerns with the arbitrator in December of 2009 regarding code violations in the building and [made] the arbitrator aware that he was waiting for the review of the building inspector. [He] further [contends] that [his] counsel specifically stated at the beginning of the hearings that the arbitration and contract were illegal because the defendant apparently undertook engineering responsibilities without a license." The court, after considering this argument, ruled against the plaintiff. It found that "[i]n [a] . . . letter from the arbitrator to the parties, which discussed the arbitrator's inquiries regarding the [plaintiff's]

absence from the previous hearings, the arbitrator records the [plaintiff's] reason as being 'unwilling to continue' the arbitration. He did not mention as a reason the alleged illegality of the contract. When the award itself was completed, it only listed the [plaintiff's] claims regarding structural integrity, and did not make findings on the illegality of the underlying contract or the arbitration agreement. Therefore, although the [plaintiff] may have stated [his] suspicions that the contract and arbitration agreement were illegal, the court must assume that the arbitrator did not consider the issue as having been raised during the arbitration. Under an arbitration clause, the arbitrator is given broad discretion to determine the issues, and may 'decide whether additional evidence is required or would merely prolong the proceedings unnecessarily. . . . This relaxation of strict evidentiary rules is both necessary and desirable because arbitration is an informal proceeding designed, in part, to avoid the complexities of litigation.' . . . *Bridgeport* v. *Kasper Group, Inc.*, 278 Conn. 466, 474, 899 A.2d 523 (2006). Thus, the [plaintiff] did not properly preserve the issue of validity of the arbitration clause by refusing to submit to arbitration . . . or by submitting the issue to the arbitrator." We concur with the conclusion reached by the court.[9]

The plaintiff did not properly preserve the issue of the legality of the contract through either of the required procedural routes. The court, therefore, did not err in granting the defendant's application to confirm the arbitration award.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] John Girolemetti, Jr., Cindy Girolametti, and 43 South Street, LLC, filed this declaratory judgment action against the defendants. Only John Girolemetti, Jr., appealed from the court's judgment. We therefore refer to him as the plaintiff in this opinion.

[2] The American Arbitration Association was also named as a defendant. In order to accurately reflect the factual history, we refer in this opinion to Rizzo Corporation as the defendant.

[3] On May 18, 2011, the plaintiff filed a separate action against the defendant seeking to vacate the arbitration award. *Girolametti* v. *Rizzo Corp.*, 52 Conn. Supp. 592, 77 A.3d 217 (2012), aff'd, 144 Conn. App. 77, 70 A.3d 1162 (2013), which went to judgment on the defendant's motion to dismiss. In its memorandum of decision, the court stated that the plaintiff failed to comply with General Statutes § 52-420 (b) because the application to vacate was not filed within thirty days of the arbitrator's March 28, 2011 decision. Id., 600. The plaintiff appealed to this court on the ground that his application was timely. We affirmed the judgment of the trial court. *Girolametti* v. *Rizzo Corp.*, 144 Conn. App. 77, 70 A.3d 1162 (2013). As a result of the untimely application, the court in the present case concluded that it had "no discretion to consider an objection made by the plaintiff . . . on the ground that the underlying contract is illegal."

[4] In arguing that the contract is illegal, the plaintiff also disputes "that there is an agreement to arbitrate between the parties because any such agreement would be illegal." He does not, however, make a separate legal argument that the arbitration agreement itself is illegal or invalid.

The law regarding arbitration provisions in a contract is well settled. "[A]n arbitration provision is severable from the remainder of the contract . . . [and], unless the challenge is to the arbitration clause itself, the issue of

the contract's validity is considered by the arbitrator in the first instance." *C. R. Klewin Northeast, LLC* v. *Bridgeport*, 282 Conn. 54, 75, 919 A.2d 1002 (2007). Moreover, Rule 8 of the Construction Industry Arbitration Rules of the American Arbitration Association, which governs the parties' dispute, provides in relevant part: "The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause. . . ."

We therefore agree with the court when it stated that "since the arbitration agreement is severable from the underlying contract, the [plaintiff] would be required to state grounds which would render the agreement itself invalid. The fact that the contract may be void by reason of violation of a statute does not preclude enforcement of the arbitration clause. *Nussbaum* v. *Kimberly Timbers, Ltd*, 271 Conn. 65, 856 A.2d 364 (2004). The [plaintiff has] failed to argue any grounds for a defect within the arbitration agreement itself, an agreement which [he] drafted. Therefore, even if [the plaintiff] had properly preserved [his] claim that the arbitration clause was illegal, [he has] not stated any grounds under which the court could find that the agreement was illegal . . . ." Because the plaintiff challenges the contract, but not specifically the arbitration agreement, the agreement is enforceable apart from the remainder of the contract. Accordingly, the plaintiff's argument that the arbitration agreement is illegal, simply because he alleges the contract is illegal, finds no support in our law.

[5] That issue was decided in *Girolametti* v. *Rizzo Corp.*, 52 Conn. Supp. 592, 77 A.3d 217 (2012), aff'd, 144 Conn. App. 77, 70 A.3d 1162 (2013).

[6] General Statutes § 52-417 provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[7] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[8] We emphasize, again, that the court dismissed the plaintiff's application to vacate the arbitration award, which was affirmed by this court. See *Girolametti* v. *Rizzo Corp.*, 52 Conn. Supp. 592, 77 A.3d 217 (2012), aff'd, 144 Conn. App. 77, 70 A.3d 1162 (2013). The untimely application is not an issue in this appeal.

[9] The plaintiff continues to argue that despite the preservation issue, we should hold that the court erred in granting the defendant's application to confirm the arbitration award. He relies on *MBNA America Bank, N.A.* v. *Boata*, supra, 283 Conn. 381, for the proposition that "[§] 52-420 (b) will not preclude an otherwise untimely objection to the confirmation of an award on the ground that the party had not conferred upon the arbitrator the legal authority to issue that award in the first place." (Internal quotation marks omitted.) Although the court's holding is accurately stated, *MBNA America Bank, N.A.*, is distinguishable from the present appeal.

In *MBNA America Bank, N.A.*, the defendant claimed that an agreement to arbitrate between the parties never existed. *MBNA America Bank, N.A.* v. *Boata*, supra, 283 Conn. 387. The nonexistence of an arbitration agreement is not a basis enumerated in § 52-418 and therefore the court held that it was not subject to the timeliness provisions of § 52-420 (b). Id., 395. In the present appeal, the plaintiff claims that the contract is illegal and, by extension, argues that the arbitration agreement is also illegal. As previously noted, however, the arbitration agreement is severable from the remainder of the contract. See footnote 4 of this opinion. Therefore, because the plaintiff did not argue that the arbitration agreement itself is invalid, *MBNA America Bank, N.A.*, is inapplicable to the present appeal. This conclusion is supported by *Bloomfield* v. *United Electrical, Radio & Machine Workers*

*of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 286, 939 A.2d 561 (2008), in which our Supreme Court concluded: "[*MBNA America Bank, N.A.*] did not involve a public policy challenge to an otherwise validly entered award, but rather, involved a claim that the arbitrator lacked authority over the dispute based on the alleged nonexistence of an arbitration agreement between the parties to a credit card contract. . . . We concluded in [*MBNA America Bank, N.A.*] that, because a trial court cannot confirm an arbitration award unless the parties expressly have agreed to arbitrate the matter, it follows that a [party] must be allowed to object to the confirmation of that award if he properly has preserved a claim as to the existence of an arbitration agreement. . . . [*MBNA America Bank, N.A.*] stands only for the proposition that § 52-420 (b) will not preclude an otherwise untimely objection to the confirmation of an award on the ground that the parties had not conferred upon the arbitrator the legal authority to issue that award in the first place." (Citation omitted; internal quotation marks omitted.)