******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BERKSHIRE-LITCHFIELD ENVIRONMENTAL
COUNCIL, INC. *v.* DANIEL ESTY,
COMMISSIONER OF ENERGY
AND ENVIRONMENTAL
PROTECTION ET AL.
(AC 37044)

Lavine, Alvord and Mihalakos, Js.

*Argued October 14, 2015—officially released January 19, 2016*

(Appeal from Superior Court, judicial district of Hartford, Land Use Litigation Docket, Berger, J.)

*Nicholas J. Harding*, with whom was *Mary Mintel Miller*, for the appellant (plaintiff).

*Sharon M. Seligman*, assistant attorney general, with whom were *Matthew Levine*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, and *Kimberly P. Massicotte*, assistant attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Berkshire-Litchfield Environmental Council, Inc., appeals from the judgment of the trial court dismissing its declaratory judgment action seeking to have the court invalidate a consent order entered into between the Department of Energy and Environmental Protection (department) and BNE Energy, Inc. (BNE Energy),[1] concerning remediation plans for the Canaan Mountain Wilderness Natural Area Preserve. The court found that the plaintiff lacked standing to bring the action pursuant to General Statutes § 22a-16.[2] On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction. The court had concluded that it lacked subject matter jurisdiction because the plaintiff failed to allege specific instances of unreasonable environmental harm caused by the defendants' having entered into a consent order with BNE Energy rather than referring the issue of BNE Energy's destruction of more than 332 trees located in Canaan Mountain Wilderness Natural Area Preserve to the attorney general[3] for enforcement pursuant to General Statutes § 52-560a.[4] We affirm the judgment of the trial court.

In ruling on the defendants' motion to dismiss, the court issued a memorandum of decision that concisely and thoughtfully states the facts and applicable law. See *Berkshire-Litchfield Environmental Council, Inc.* v. *Esty*, 162 Conn. App. 481,    A.3d    (2014) (appendix). After examining the record and the briefs and considering the arguments of the parties on appeal, we are persuaded that the court correctly determined that it lacked subject matter jurisdiction. We, therefore, adopt the court's thorough and well reasoned memorandum of decision as the proper statement of the relevant facts, issues and applicable law. See id. No useful purpose would be served by repeating that discussion here. See, e.g., *Council 4, AFSCME, AFL-CIO* v. *State Ethics Commission*, 304 Conn. 672, 673, 41 A.3d 656 (2012); *Girolametti* v. *Rizzo Corp.*, 144 Conn. App. 77, 79, 70 A.3d 1162 (2013); *Tuite* v. *Hospital of Central Connecticut*, 141 Conn. App. 573, 575, 61 A.3d 1187 (2013).

The judgment is affirmed.

[1] The defendants in the present appeal are the department; Daniel Esty, then commissioner of the department; and Susan Whalen, a deputy commissioner of the department. The attorney general, George Jepsen, was a defendant in the underlying action. The trial court granted the motion to dismiss him as a party defendant, and the plaintiff has not challenged that determination on appeal. BNE Energy was not a party to the underlying action and is not a party to the present appeal.

[2] General Statutes § 22a-16 provides in relevant part: "[A]ny person, partnership, corporation, association, organization or other legal entity may maintain an action in the superior court for the judicial district wherein the defendant is located, resides or conducts business . . . for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof . . . for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . . ."

[3] The plaintiff asserts that it is not arguing that the court could order the defendants to refer the matter to the attorney general, but rather is arguing only that the consent order was invalid, and that the trial court misunderstood its argument. To the contrary, the plaintiff alleged in its complaint that the defendants "should have referred the matter to the Attorney General for enforcement  . . . ." Its claim of environmental damage is premised on the assertion that if the defendants had not entered into a consent order, the attorney general would have brought suit under General Statutes § 52-560a seeking to have the land restored to its condition prior to the clearcutting, and been successful. We agree with the trial court's understanding of the plaintiff's claims, and its resolution of those claims.

[4] General Statutes § 52-560a provides in relevant part: "(b) No person may encroach or cause another person to encroach on open space land or on any land for which the state, a political subdivision of the state or a nonprofit land conservation organization holds a conservation easement interest, without the permission of the owner of such open space land or holder of such conservation easement or without other legal authorization.

"(c) Any owner of open space land or holder of a conservation easement subject to the provisions of subsection (b) of this section or the Attorney General may bring an action in the superior court for the judicial district where the land is located against any person who violates the provisions of said subsection with respect to such owner's land or land subject to such conservation easement. The court shall order any person who violates the provisions of subsection (b) of this section to restore the land to its condition as it existed prior to such violation or shall award the landowner the costs of such restoration, including reasonable management costs necessary to achieve such restoration. In addition, the court may award reasonable attorney's fees and costs and such injunctive or equitable relief as the court deems appropriate. . . ."