ROYAL INDEMNITY COMPANY *v.* TERRA
FIRMA, INC., ET AL.
(SC 17873)
(SC 17874)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued March 10—officially released June 3, 2008

---

*Celeste M. Butera*, pro hac vice, with whom were *Pia E. Riverso*, pro hac vice, and, on the brief, *Thomas C. Clark* and *Melicent B. Thompson*, for the appellant in Docket No. 17873 (plaintiff).

*Frank H. Santoro*, with whom, on the brief, were *R. Cornelius Danaher* and *Calum B. Anderson*, for the appellant in Docket No. 17874 (third party defendant United States Fire Insurance Company).

*Michael S. Taylor*, with whom were *Wesley W. Horton* and, on the brief, *Eliot B. Gersten*, *S. Dwight Stephens*, pro hac vice, and *Robert N. Reed*, certified legal intern, for the appellee (defendant Konover Construction Corporation).

*David P. Condon*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Royal Indemnity Company (Royal Indemnity), brought this action against the

defendants, Terra Firma, Inc. (Terra Firma),[1] and Konover Construction Corporation (Konover), seeking a judgment declaring that it was not obligated to defend or indemnify Konover for liability arising out of Konover's own negligence under an insurance policy (Royal Indemnity policy) that it had issued to Terra Firma. Thereafter, Konover filed a counterclaim against Royal Indemnity, seeking a judgment declaring that Royal Indemnity was obligated to defend and indemnify it.[2] Konover also filed a third party complaint against the third party defendant, United States Fire Insurance Company (United States Fire), seeking a judgment declaring that United States Fire had a duty to defend and indemnify Konover when the limits of the Royal Indemnity policy were exhausted under an insurance policy (United States Fire policy) that United States Fire had issued to Terra Firma.[3] Konover subsequently filed a motion for partial summary judgment, claiming that it was entitled to coverage under the Royal Indemnity policy and the United States Fire policy as a matter of law.[4] Royal Indemnity then filed a cross motion for partial summary judgment and an opposition to Konover's motion for partial summary judgment, claiming that, as a matter of law, it was not obligated to defend or indemnify Konover for liability arising out of Konover's work. United States Fire also filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law because Konover was not an

---

[1] We note that Terra Firma formerly was known as Soneco/Northeastern, Inc., and was referred to as such in the trial court opinion.

[2] Konover also alleged equitable estoppel, bad faith, and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815 et seq.

[3] Konover also alleged equitable estoppel.

[4] Konover did not seek summary judgment with respect to its counterclaims against Royal Indemnity alleging equitable estoppel, bad faith and violations of the Connecticut Unfair Trade Practices Act and the Connecticut Unfair Insurance Practices Act, or its claims against United States Fire alleging equitable estoppel. See footnotes 2 and 3 of this opinion.

insured under the United States Fire policy. The trial court rendered partial summary judgment for Konover on its counterclaim against Royal Indemnity and on its third party complaint against United States Fire, and denied the motions for summary judgment filed by Royal Indemnity and United States Fire. Royal Indemnity and United States Fire then filed these separate appeals,[5] claiming that the trial court improperly rendered partial summary judgment in Konover's favor. We affirm the judgment of the trial court.

The trial court's memorandum of decision sets forth the following facts and procedural history. "On September 30, 1998, Konover, the general contractor for construction of a BJ's Wholesale Club in Willimantic, entered into a subcontract with [Terra Firma] under which [Terra Firma] was to perform site work including excavation. Two clauses of that contract are germane to the resolution of the current dispute. An indemnification and hold harmless clause provided that [Terra Firma] would indemnify Konover and hold it harmless for damages caused in whole or in part by the negligence of [Terra Firma]. A separate clause required [Terra Firma] to procure, inter alia, general liability insurance in the amount of not less than one million dollars and to name Konover as an additional insured. [Terra Firma] obtained such insurance in the amount of one million dollars per occurrence and two million dollars total from [Royal Indemnity] and excess insurance from [United States Fire]." *Royal Indemnity Co.* v. *Terra Firma, Inc.*, 50 Conn. Sup. 563, 564–65, 948 A.2d 1101 (2006). The policies defined an " 'insured' " as any person named as an insured under the policies, " 'but only with respect to liability arising out of . . . "[Terra Firma's] work" . . . .' " Id., 569.

---

[5] Royal Indemnity and United States Fire appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

"On October 30, 1999, during the effective dates of the Royal Indemnity and United States Fire policies, two employees of [Terra Firma], Richard Archambault and Dubie Sowell, were injured on the job. They subsequently brought personal injury actions against [Terra Firma] and Konover. Archambault alleged in his complaint that Konover was negligent because, inter alia, it: failed to provide 'cave-in' protection; failed to ensure safe working conditions in breach of its nondelegable duty; failed to inspect the work site properly; failed to supervise independent contractors and their employees properly; and failed to enforce compliance with applicable regulations. Sowell's allegations were substantially similar.

"Both Sowell and Archambault included claims against [Terra Firma]. Summary judgment was granted in favor of [Terra Firma] in both actions in 2001, on the ground that there was no evidence of any intentional conduct or knowledge by the employer that injuries were 'substantially certain' to occur. Workers' compensation was, then, the exclusive remedy available to the employees with respect to [Terra Firma].

"The cases against Konover were consolidated and wended their way toward trial. Shortly before trial, counsel for Sowell and Archambault submitted a motion in limine seeking to exclude evidence of negligence on the part of [Terra Firma]. Relying primarily on *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 776–77, 610 A.2d 1277 (1992), the trial court excluded evidence of [Terra Firma's] negligence. The court did, however, allow evidence of the conduct of [Terra Firma] and its duties and obligations. After receiving notice of this ruling, but during trial of the case, Royal Indemnity disclaimed both the duty to indemnify and the duty to defend, claiming that, because Sowell and Archambault could recover only as to negligence on the part of Konover, Konover could

not be an additional insured under the terms of the policy. Despite the disclaimer, defense counsel provided by Royal Indemnity continued to represent Konover. United States Fire, the excess carrier, apparently adopted the same position as Royal Indemnity.

"The trial judge submitted the case to the jury on the theory that Konover had a nondelegable duty to provide a reasonably safe workplace and recited essentially the allegations of negligence recited previously in reference to the claims of Sowell and Archambault. The jury returned verdicts in favor of Archambault in the amount of $3,450,000 and in favor of Sowell in the amount of $2,833,000. The underlying cases are currently being appealed." *Royal Indemnity Co.* v. *Terra Firma, Inc.*, supra, 50 Conn. Sup. 565–66.

As previously set forth, Royal Indemnity brought this action against Terra Firma and Konover seeking a judgment declaring that it was not obligated to defend and indemnify Konover in the underlying actions. Konover then filed a counterclaim against Royal Indemnity and impleaded United States Fire, alleging that the insurance companies were obligated to defend and indemnify it. The parties filed cross motions for summary judgment and the trial court rendered partial summary judgment in favor of Konover on its counterclaim against Royal Indemnity and on its third party complaint against United States Fire. The trial court concluded that the insurance companies had a duty to defend and indemnify Konover because Konover's liability in the underlying actions arose out of Terra Firma's work and, therefore, Konover was an insured under the policies. Thereafter, Royal Indemnity filed and the trial court granted a motion pursuant to Practice Book § 61-4[6] for

---

[6] Practice Book § 61-4 (a) provides in relevant part: "This section applies to a trial court judgment that disposes of at least one cause of action where the judgment does not dispose of either of the following: (1) an entire complaint, counterclaim, or cross complaint, or (2) all the causes of action in a complaint, counterclaim or cross complaint brought by or against a party. . . .

written determination that the issues resolved by the judgment were of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified. The Chief Judge of the Appellate Court subsequently granted permission to file these interlocutory appeals.

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's concise and well reasoned decision as a statement of the facts and the applicable law on these issues. See *Royal Indemnity Co.* v. *Terra Firma, Inc.*, supra, 50 Conn. Sup. 563. It would serve no useful purpose for us to repeat the discussion therein contained. See, e.g., *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007); *Cashman* v. *Tolland*, 276 Conn. 12, 16, 882 A.2d 1236 (2005).

The judgment is affirmed.

"When the trial court renders a judgment to which this section applies, such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment *only if* the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ." (Emphasis in original.)