## LORD FAMILY OF WINDSOR, LLC, ET AL. *v.* INLAND WETLANDS AND WATERCOURSES COMMISSION OF THE TOWN OF WINDSOR ET AL.
### (SC 17989)

Rogers, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued March 20—officially released September 9, 2008

*Richard A. Vassallo*, for the appellant (named defendant).

*Michael A. Zizka*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The plaintiffs, Lord Family of Windsor, LLC, and Robert Daddario, appealed to the trial court from the decision of the named defendant, the inland wetlands and watercourses commission of the town of Windsor (commission),[1] denying the plaintiffs' applica-

---

[1] Gina McCarthy, the commissioner of environmental protection, also is a defendant in this case, but she did not participate in this appeal. For ease of reference, we refer to the commission only.

tion to amend a regulated activities permit. The trial court rendered judgment for the commission, and the plaintiffs appealed to the Appellate Court, which reversed the judgment of the trial court upon concluding that the commission's decision was not supported by substantial evidence. *Lord Family of Windsor, LLC* v. *Inlands Wetlands & Watercourses Commission*, 103 Conn. App. 354, 364–66, 928 A.2d 1237 (2007). We granted the commission's petition for certification to appeal limited to the issue of whether "the Appellate Court properly conclude[d] that the record did not contain substantial evidence to sustain the [commission's] denial of the plaintiffs' application . . . ." *Lord Family of Windsor, LLC* v. *Inlands Wetlands & Watercourses Commission*, 284 Conn. 926, 933 A.2d 726 (2007). We affirm the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "On February 1, 2005, the commission granted a permit to the plaintiffs to conduct regulated activities on wetlands and watercourses in connection with a plan for a subdivision on a parcel of land known as 355T Prospect Hill Road in [the town of] Windsor. The subdivision plan contemplated the construction of three new roads that would access the existing town roads of Prospect Hill Road, Pierce Boulevard and Gary Lynn Lane.

"On February 24, 2005, the plaintiffs informed the commission of their desire to change the original subdivision plan to eliminate the Gary Lynn Lane access road. The commission discussed the effects of the proposed change with the plaintiffs during a special meeting on March 16, 2005. The certified meeting minutes indicate that in addition to eliminating the Gary Lynn Lane access road, the plaintiffs planned to use an existing partially paved road, the 'neck' road, during the initial phase of construction in order to bring equipment and workers onto the site. The neck road crosses the Phelps Brook

watercourse by way of a culvert. During the . . . meeting, the [commission] asked many questions about the ability of the culvert to sustain the weight of construction vehicles as well as the potential impact of increased traffic on the Prospect Hill access road.

"After the [commission] discussed [its] concerns with the plaintiffs and their representatives, a motion was made to approve the application pending a favorable report from the town engineer on the culvert. The motion failed. On April 1, 2005, the commission's agent wrote a letter to the plaintiffs, denying their application to remove the Gary Lynn Lane access road for the following stated reasons: '(1) Increased traffic across [the] bridge to Prospect Hill Road would cause [an] increase of pollutants going into Phelps Brook. It was recommended that a traffic engineer's report showing [the] effects of increased traffic over the bridge on Phelps Brook from deposition by air, snow removal, or runoff would have been helpful. (2) The [c]ommission previously approved three access points to the subdivision determining it was the most feasible and prudent alternative to minimize the impact on the brook by traffic across the bridge to Prospect Hill Road. (3) The [ten foot] wide partially paved path crosses the brook between two pond areas at a narrow point over a culvert that would need to be evaluated by an engineer. The evaluation needs to include [the] current condition and strength of the culvert, [a] comparison of [the] width of vehicles to the width of the path and strong erosion and sedimentation controls.' . . . [T]he plaintiffs [subsequently] appealed to the trial court from the denial of their application to amend their permit.

"On appeal to the trial court, the plaintiffs claimed that the commission's decision was arbitrary, illegal and an abuse of discretion. In response, the court found in favor of the commission, concluding that the [commission's] concerns about the structural integrity of the

culvert and the pollution from the increased traffic were valid reasons for the denial of the proposed modification." *Lord Family of Windsor, LLC* v. *Inland Wetlands & Watercourses Commission*, supra, 103 Conn. App. 356–58.

The plaintiffs then appealed to the Appellate Court, claiming that the trial court improperly had concluded that the commission's decision was supported by substantial evidence. Id., 356, 358. The Appellate Court determined that "the record is devoid of any evidence that the use of either the neck road or the Prospect Hill access road would or was likely to contaminate the water"; id., 363; and that "[t]he evidence in the record fails to constitute anything more than speculation that the existing culvert might be compromised by the construction vehicles." Id., 365. The court concluded that the commission's decision was not supported by substantial evidence; id., 364–65; and was arbitrary and capricious. Id., 365. Accordingly, the Appellate Court reversed the judgment of the trial court in favor of the commission. Id., 366.

This certified appeal followed. The commission claims that the Appellate Court improperly determined that the commission's decision denying the plaintiffs' application to amend the regulated activities permit was not supported by substantial evidence establishing that the proposed use of the neck road would contaminate a watercourse. The commission further claims that its denial of the plaintiffs' application may be sustained on the alternate ground that alternative plans existed that had no potential to contaminate a watercourse. The plaintiffs dispute these claims and assert as alternate grounds for affirming the judgment of the Appellate Court that the commission had no authority to deny their application (1) on the basis of the mere possibility that more traffic would pass over an existing road under

the revised plans, and (2) because the proposed revisions did not involve any regulated activities.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the thoughtful and comprehensive opinion of the Appellate Court properly resolved the issue in this certified appeal; see id., 362–66; and, therefore, the judgment of the Appellate Court should be affirmed. Further discussion by this court would serve no useful purpose.[2] See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.

---

[2] We reject the commission's claim that its decision may be affirmed on the alternate ground that alternative plans existed that had no potential to contaminate Phelps Brook because that claim is predicated on the commission's determination that the proposed use of the neck road and the Prospect Hill access road could contaminate the brook, a determination that the Appellate Court properly concluded had not been supported by substantial evidence. See *Lord Family of Windsor, LLC* v. *Inland Wetlands & Watercourses Commission*, supra, 103 Conn. App. 363–64.