## PASQUALE SILANO, SR., ET AL. *v.* BOARD OF EDUCATION OF THE CITY OF BRIDGEPORT ET AL.
### (AC 32195)

Beach, Alvord and Mihalakos, Js.

Argued April 27—officially released June 28, 2011

*Laurence V. Parnoff*, for the appellants (plaintiffs).

*Peter D. Clark*, for the appellees (named defendant et al.).

*Betsy A. Edwards*, associate city attorney, for the appellee (defendant Alaine Lane).

*Opinion*

PER CURIAM. The plaintiffs, Pasquale Silano, Jr. (Pasquale), and his parents, Pasquale Silano, Sr., and Francine Silano, appeal from the judgment rendered by the trial court in favor of the defendants, the board of education of the city of Bridgeport (board), James Connelly, Roberto Rodriguez and Alaine Lane. On appeal, we consider whether (1) the evidence was insufficient to support the court's factual findings and (2) the court improperly concluded that certain claims did not fall within the identifiable person-imminent harm exception to the immunity generally afforded municipalities for the negligent performance of discretionary acts. We affirm the judgment of the trial court.

The court's memorandum of decision and the record reveal the following relevant facts. Pasquale Silano, Sr., and Francine Silano, individually and as parents and next friends of Pasquale, brought a ten count complaint against the defendants alleging that Pasquale had been subjected to harassment, threats and physical assaults while he was a student in the Bridgeport public schools. In counts one through four of the complaint, respectively, the plaintiffs alleged that the board, Connelly, as the superintendent of the Bridgeport schools, Rodriguez, as the principal of the Waltersville School in Bridgeport, and Lane, as the principal of Benjamin Franklin Education Center in Bridgeport, negligently failed to fulfill their duty to protect Pasquale from physical and emotional threats and harassment by other students both on school grounds and while being transported on the school bus. As a result of the defendants' alleged failure to keep Pasquale safe from harm, the plaintiffs claimed that he suffered various injuries, including an infringement of his civil rights. In counts

six through nine, the plaintiffs essentially mirrored the allegations asserted in counts one through four but claimed that the defendants' failure to fulfill their duties was reckless rather than negligent. In the fifth and tenth counts, Pasquale's parents incorporated the allegations of the previous counts and sought to recover incurred expenses in connection with Pasquale's care. In response, the defendants alleged several special defenses, including governmental immunity.

The court's findings of facts, as reflected in its April 7, 2010 memorandum of decision, can be summarized as follows. In 1996, Pasquale entered the Waltersville School and was assigned to a classroom for children with learning disabilities. In February, 1996, Pasquale's parents, through their attorney, sent a letter to Connelly indicating that Pasquale had returned home from school with bruises and injuries and requested that Pasquale be transferred to another location for schooling. Alexander Norwood, the associate superintendent of schools, replied to Pasquale Silano, Sr., and Francine Silano, stating that he spoke to Rodriguez and was assured that the students were supervised while at school and while being transported to school on the bus.

Subsequently, while he was attending the Benjamin Franklin Education Center, the board conducted a psychological study of Pasquale that indicated that he had a full-scale intelligence quotient of fifty-seven. It also reported that, at the outset of the school year in 1998, Pasquale had been threatened by four older students at the Benjamin Franklin Education Center and robbed of video game cartridges. In addition, as a result of constant teasing and arguments with schoolmates, Pasquale had engaged in numerous fights in school and on the school bus. On one occasion, he was threatened with a knife by an older student. The board, thereafter, placed Pasquale on homebound instruction because he was unwilling to go to school. He never returned to

school, and eventually his homebound schooling terminated.

The plaintiffs then commenced this action against the defendants seeking money damages for the injuries allegedly sustained by Pasquale. Following a trial to the court,[1] the court concluded that the defendants were entitled to governmental immunity with respect to the alleged injuries that occurred at school and rejected the plaintiffs' contention that the identifiable person-imminent harm exception to the doctrine of governmental immunity applied to the defendants' conduct.[2] In addition, the court concluded that, although the defendants were not immune from liability with respect to the alleged injuries that occurred on the bus, the plaintiffs had failed to demonstrate that the defendants had acted negligently or recklessly with respect to Pasquale's safety. Finally, the court concluded that the plaintiffs had failed to establish that Pasquale's civil rights were violated. Accordingly, the court rendered a judgment in favor of the defendants. This appeal followed.

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the court should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its thorough and well reasoned decision as a statement of the facts and the applicable law on these issues. *Silano* v. *Board of Education*, 52 Conn. Sup. 42, 23 A.3d 104 (2010). Further discussion by this court would

---

[1] Prior to trial, the court rendered summary judgment in favor of Rodriguez. The plaintiffs have not challenged the propriety of that ruling on appeal.

[2] "[W]hen the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable [or foreseeable] person to imminent harm, the public officer is not entitled to qualified immunity." (Internal quotation marks omitted.) *Fleming* v. *Bridgeport*, 284 Conn. 502, 532, 935 A.2d 126 (2007).

serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Royal Indemnity Co.* v. *Terra Firma, Inc.*, 287 Conn. 183, 189, 947 A.2d 913 (2008); *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 870, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010).

The judgment is affirmed.