LEAH NESTICO *v.* BRETT A. WEYMAN ET AL.
(AC 33809)

Gruendel, Alvord and West, Js.

Argued December 12, 2012—officially released January 29, 2013

*James P. Brennan,* for the appellant (plaintiff).

*Craig A. Fontaine,* with whom, on the brief, was *William D. Catalina,* for the appellees (defendants).

*Opinion*

PER CURIAM. In this case, the defendants, Brett A. Weyman and Connecticut Maxillofacial Surgeons, LLC, filed a motion to dismiss the dental malpractice action by the plaintiff, Leah Nestico, predicated on her alleged failure to comply with the requirements of General Statutes § 52-190a.[1] After hearing argument thereon, the

---

[1] General Statutes § 52-190a (a) provides in relevant part: "No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death

court granted the motion to dismiss. The plaintiff now challenges the propriety of that determination in this appeal.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment should be affirmed. On the facts of this case, the issues properly were resolved in the court's complete and well reasoned memorandum of decision. See *Nestico* v. *Weyman*, 52 Conn. Sup. 463, 59 A.3d 338 (2011). We therefore adopt it as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The judgment is affirmed.

resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ."