GENERAL ACCIDENT INSURANCE COMPANY
*v.* JASON MORTARA
(AC 34331)

DiPentima, C. J., and Robinson and Lavery, Js.

Argued January 2—officially released March 26, 2013

*David A. Leff,* for the appellant (defendant).

*Michael M. Wilson,* for the appellee (plaintiff).

Opinion

PER CURIAM. The defendant, Jason Mortara, appeals from the judgment of the trial court vacating an arbitration award rendered in his favor. The arbitration occurred as a result of an underinsured motorist claim that the defendant had asserted against the plaintiff, General Accident Insurance Company, for compensation for injuries sustained in a motor vehicle accident that took place in New Jersey. In reaching its award, the majority of the divided arbitration panel determined that, pursuant to *Williams* v. *State Farm Mutual Automobile Ins. Co.,* 229 Conn. 359, 641 A.2d 783 (1994), New Jersey law applied and, further, that the defendant had complied with the procedural law of that state to receive underinsured motorist benefits. The plaintiff filed an application to vacate the award pursuant to General Statutes § 52-418 (a) (4).[1] In rendering judgment in favor of the plaintiff, the court concluded that Connecticut, rather than New Jersey law, applied and accordingly, granted the plaintiff's application to vacate the award and denied the defendant's motion to confirm it. This appeal followed.

Our examination of the record and briefs in light of the applicable law along with our consideration of the arguments of the parties persuade us that the judgment should be affirmed. On the facts of this case, the issues properly were resolved in the court's complete and well reasoned memorandum of decision. See *General Accident Ins. Co.* v. *Mortara,* 52 Conn. Sup. 522, 72

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

A.3d 482 (2012). We therefore adopt it as the proper statement of the relevant facts, issues and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Nestico* v. *Weyman*, 140 Conn. App. 499, 500, 59 A.3d 337 (2013); *Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The judgment is affirmed.