******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES A. HARNAGE *v.* RAQUEL TORRES ET AL.
(AC 36647)

Beach, Keller and Pellegrino, Js.

*Argued January 21—officially released March 10, 2015*

(Appeal from Superior Court, judicial district of New London, Cosgrove, J.)

*James A. Harnage*, self-represented, the appellant (plaintiff).

*Madeline A. Melchionne*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Terrence M. O'Neill*, assistant attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. In this appeal, the self-represented plaintiff, James A. Harnage, claims that the trial court, *Cosgrove, J.*, improperly granted the motion for summary judgment filed by the defendants, Deputy Warden Raquel Torres and Warden Anthony Coletti, and denied his cross motion for summary judgment. In the underlying action, the plaintiff claimed that the defendants violated his constitutional right to free speech and access to the courts when they opened, in his presence, his letter marked "Attorney-Client Privileged Communication," which he had designated as legal mail.[1] The plaintiff alleges that the envelope contained correspondence as well as origami flowers. On appeal, the plaintiff claims that the court (1) improperly found that the opening of his outgoing mail did not violate his first amendment right to freedom of speech and right of access to the courts, (2) improperly considered the opening of his outgoing mail as an isolated incident, (3) improperly decided not to consider his liberty interest in light of his claim that it is standard prison policy and custom to forbid the opening of outgoing legal mail, (4) improperly failed to consider his claim that his legal mail was intercepted and opened in retaliation for exercising his right of access to the courts and his good faith participation in the inmate administrative remedies process, and (5) committed clear error in finding that the defendants followed their procedures for handling outgoing privileged correspondence.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its concise and well reasoned decision as a proper statement of the relevant facts and the applicable law on the issues. See *Harnage* v. *Torres*, 53 Conn. Supp. 313,      A.3d      (2013). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g. *Council 4, AFSCME, AFL-CIO* v. *State Ethics Commission*, 304 Conn. 672, 673, 41 A.3d 656 (2012); *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Tuite* v. *Hospital of Central Connecticut*, 141 Conn. App. 573, 575, 61 A.3d 1187 (2013); *Nestico* v. *Weyman*, 140 Conn. App. 499, 500, 59 A.3d 337 (2013); *Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The judgment is affirmed.

[1] At the trial court, the plaintiff also asserted claims of breach of fiduciary duty and intentional infliction of emotional distress. The trial court ruled that, because the plaintiff could not establish either a substantial claim that the defendants had violated his constitutional rights or had acted in excess of their statutory authority, the plaintiff's claims were barred by the doctrine of sovereign immunity. The court also concluded there was no fiduciary duty between the defendants and the plaintiff, nor could the defendants' conduct be construed to rise to the level of extreme or outrageous.