******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

SHARAY FREEMAN *v.* A BETTER WAY
WHOLESALE AUTOS, INC.
(AC 41675)

Keller, Bright and Devlin, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for, inter alia, violation of the Connecticut Unfair Trade Practices Act (§ 42-110a et seq.) for the defendant's failure to refund a deposit made by the plaintiff in connection with an attempted sale of a used vehicle. After the trial court rendered judgment in favor of the plaintiff, the defendant appealed to this court, which affirmed the trial court's judgment. Subsequently, the plaintiff filed a motion for supplemental attorney's fees and costs, which the trial court granted in part, and the defendant appealed to this court. The defendant claimed that the trial court erred in awarding the plaintiff supplemental attorney's fees and abused its discretion in the amount of attorney's fees it had awarded. *Held* that the trial court properly granted in part the plaintiff's motion for supplemental attorney's fees; that court having fully addressed the arguments raised in this appeal, this court adopted the trial court's concise and well reasoned memorandum of decision as a proper statement of the relevant facts and applicable law on the issues.

Argued May 29—officially released July 2, 2019

*Procedural History*

Action to recover damages for, inter alia, violation of the Connecticut Unfair Trade Practices Act, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the defendant was defaulted for failure to comply with a court order; thereafter, the court, *Huddleston, J.*, granted the defendant's motion to open the default; subsequently, the matter was tried to the court; judgment for the plaintiff, from which the defendant appealed to this court; thereafter, the court, *Huddleston, J.*, granted in part the plaintiff's motion for attorney's fees and costs; subsequently, this court dismissed in part and affirmed in part the judgment of the trial court; thereafter, the Supreme Court denied the defendant's petition for certification to appeal; subsequently, the court, *Huddleston, J.*, granted in part the plaintiff's motion for supplemental attorney's fees and costs, and the defendant appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (defendant).

*Richard F. Wareing*, with whom was *Daniel S. Blinn*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, A Better Way Wholesale Autos, Inc., appeals from the judgment of the trial court awarding supplemental attorney's fees to the plaintiff, Sharay Freeman. In the underlying action, the plaintiff brought a two count complaint in which she claimed a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and fraudulent misrepresentation related to the defendant's failure to refund the plaintiff's $2500 deposit for an attempted sale of a used vehicle. The trial court found in favor of the plaintiff on both counts, and this court affirmed the judgment on appeal. See *Freeman* v. *A Better Way Wholesale Autos, Inc.*, 174 Conn. App. 649, 651, 166 A.3d 857, cert. denied, 327 Conn. 927, 171 A.3d 60 (2017). On August 17, 2017, the plaintiff filed with the trial court a motion for supplemental attorney's fees. After an evidentiary hearing, the trial court subsequently granted in part the plaintiff's motion for supplemental attorney's fees and awarded her $49,980.

In the present appeal, the defendant claims that the court (1) erred in awarding the plaintiff supplemental attorney's fees, and (2) abused its discretion in awarding attorney's fees in the amount of $49,980. We disagree.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. Because the trial court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its concise and well reasoned decision as a proper statement of the relevant facts and the applicable law on the issues. See *Freeman* v. *A Better Way Wholesale Autos, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-13-6045900-S (May 3, 2018) (reprinted at 191 Conn. App.    ,    A.3d    ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *National Waste Associates, LLC* v. *Travelers Casualty & Surety Co. of America*, 294 Conn. 511, 515, 988 A.2d 186 (2010); *Tuite* v. *Hospital of Central Connecticut*, 141 Conn. App. 573, 575, 61 A.3d 1187 (2013); *Nestico* v. *Weyman*, 140 Conn. App. 499, 500, 59 A.3d 337 (2013);*Green* v. *DeFrank*, 132 Conn. App. 331, 332, 33 A.3d 754 (2011).

The judgment is affirmed.

———————————————