******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

THERESA MASELLI *v.* REGIONAL SCHOOL
DISTRICT NUMBER 10 ET AL.
(AC 41809)

Alvord, Elgo and Norcott, Js.

*Syllabus*

The plaintiff, as next friend of her minor daughter, M, sought to recover damages from, inter alia, the defendant soccer coach and physical education teacher, S, for injuries that M suffered when S kicked a soccer ball that struck M in the face during a soccer scrimmage at the school M attended. The plaintiff's complaint alleged claims against S of assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence, as well as claims of negligence and recklessness against the other defendants, the regional school district, the superintendent of schools and the school's principal. The trial court granted the defendants' motion for summary judgment, concluding that the plaintiff's negligence claims against all of the defendants were barred by governmental immunity pursuant to statute (§ 52-557n (a) (2) (B)) because the plaintiff failed to establish any of the three prongs of the identifiable person-imminent harm exception to governmental immunity. The court further concluded that the plaintiff's claims of assault and battery and recklessness failed as a matter of law. The court rendered judgment for the defendants, and the plaintiff appealed to this court. *Held* that the trial court properly granted the defendants' motion for summary judgment and rendered judgment for the defendants, and, because the court's memorandum of decision fully addressed the arguments raised in this appeal, this court adopted the trial court's memorandum of decision as a proper statement of the facts and applicable law on the issues.

Argued March 10—officially released July 7, 2020

*Procedural History*

Action to recover damages for, inter alia, assault and battery, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Robaina, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Peter C. White*, with whom was *A. Paul Spinella*, for the appellant (plaintiff).

*Ashley A. Noel*, with whom, on the brief, was *Kevin R. Kratzer*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Theresa Maselli, as next friend of her minor daughter, Angelina Maselli,[1] appeals from the summary judgment rendered by the trial court in favor of the defendants, Regional School District Number 10, which serves the towns of Burlington and Harwinton; its superintendent, Alan Beitman; the principal of Har-Bur Middle School (middle school), Kenneth Smith; and Robert Samudosky, a physical education teacher at the middle school and the coach of the girls soccer team. The plaintiff claims that the court improperly granted the defendants' motion for summary judgment because (1) a jury reasonably could have concluded that Samudosky intended to batter Angelina when he kicked a ball during soccer practice that struck her, (2) a jury reasonably could have concluded that Samudosky is liable for battery for acting wantonly or recklessly when he kicked the ball, (3) the court improperly concluded that the defendants were entitled to governmental immunity pursuant to General Statutes § 52-557n (a) (2) (B)[2] because the defendants had a duty to act and Angelina was an identifiable person to which the imminent harm exception to governmental immunity applied, and (4) the court improperly applied the governmental immunity analysis by considering whether Angelina was a member of an identifiable class of potential victims.[3] We disagree and, accordingly, affirm the judgment of the trial court.

The court's memorandum of decision and the record reveal the following relevant facts and procedural history. On October 28, 2013, Angelina, who was twelve years of age and in the seventh grade, was participating in a girls soccer practice that was coached by Samudosky at the middle school. During the practice, the team, which consisted of twenty-four middle school-aged girls, was split into four smaller teams, each consisting of six players. Samudosky participated as a member of one of the teams. Thereafter, the teams engaged in scrimmages inside the gymnasium of the middle school.

At some point during the practice, Angelina and Samudosky were on opposing teams. Angelina was an offensive player, and Samudosky was playing defense. During the scrimmage, Samudosky had the ball in his defensive end while Angelina and her teammates approached to challenge him from about six feet away. In an effort to clear the ball from his defensive end, Samudosky looked down and kicked the dodge ball that the team was using to play. The ball hit Angelina in the face, causing her to become "tingly . . . dizzy . . . and [fall] to the ground." Angelina also suffered from a nosebleed as a result of being hit with the ball. At this time, the scrimmage stopped. Thereafter, Samudosky instructed Angelina to go to the girls locker room to clean her bloody nose. Angelina returned and partici-

pated in the remainder of practice. Samudosky did not inform the plaintiff of the incident.

At the conclusion of practice, Angelina was taken home by a friend. Before Angelina could tell the plaintiff what happened, the plaintiff "took one look at her and asked her . . . '[w]hat the hell happened to you?' " Thereafter, Angelina informed the plaintiff of the events that had occurred at practice that day. Two days later, the plaintiff took Angelina to Unionville Pediatrics, which referred Angelina to Elite Sports Medicine, where she saw a physician. Subsequently, Angelina was diagnosed with a concussion. Due to the severity of her symptoms related to the concussion, she did not attend school full-time until January, 2014.

On November 8, 2013, the plaintiff called the middle school, spoke to the principal, Smith, and requested that Smith investigate the cause of Angelina's injury. On November 15, 2013, when no investigation had been conducted, the plaintiff called Beitman, the superintendent of schools. Beitman, along with Smith, interviewed each member of the girls soccer team and confirmed the events of the incident. As a result of this incident, Angelina transferred to Kingswood Oxford School in West Hartford at the start of the next school year, where she repeated the seventh grade. Angelina continues to have nosebleeds and headaches on a regular basis, which the plaintiff described as "humiliating."

The plaintiff commenced this action by way of a writ of summons and complaint on September 8, 2015. On July 13, 2016, the plaintiff filed an amended complaint, asserting six claims against the defendants. Counts one through four, alleging assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, are against only Samudosky. Counts five and six, which allege negligence and recklessness, respectively, are against all of the defendants. The plaintiff sought monetary damages, punitive damages, attorney's fees and costs, and such other legal and equitable relief as the court deemed just and proper.

On August 25, 2017, the defendants moved for summary judgment as to all counts of the plaintiff's complaint. The memorandum of law in support of the defendants' motion sets forth that (1) the plaintiff's claims of negligent assault and battery, negligent infliction of emotional distress, and negligence are barred by the doctrine of governmental qualified immunity, (2) to the extent that the doctrine of governmental qualified immunity did not apply to Samudosky, the claims of negligent assault and battery, negligent infliction of emotional distress, and negligence fail as a matter of law, (3) Samudosky's conduct was not extreme and outrageous, (4) the claim as to assault and battery fails as a matter of law, and (5) the plaintiff's claim of recklessness fails as a matter of law, and the defendants'

allegedly reckless conduct was not the cause of Angelina's injuries.

On January 29, 2018, the court, *Robaina, J.*, heard oral argument concerning the defendants' motion. On June 11, 2018, the court issued a memorandum of decision granting the defendants' motion for summary judgment. The court held that the plaintiff's negligence claims against all the defendants are barred by governmental immunity because the plaintiff failed to establish any of the three prongs of the identifiable person-imminent harm exception set forth in *St. Pierre* v. *Plainfield*, 326 Conn. 420, 435, 165 A.3d 148 (2017). The court also held that the plaintiff's claims of negligent assault and battery and recklessness fail as a matter of law. This appeal followed.

Our examination of the record on appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the court's memorandum of decision fully addresses the arguments raised in the present appeal, we adopt its thorough and well reasoned decision as a proper statement of the facts and applicable law on these issues. See *Maselli* v. *Regional School District No. 10*, Superior Court, judicial district of Hartford, Docket No. CV-15-6062402-S (June 11, 2018) (reprinted at 198 Conn. App.      ,      A.3d      ). It would serve no useful purpose for us to repeat the discussion contained therein. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Royal Indemnity Co.* v. *Terra Firma, Inc.*, 287 Conn. 183, 189, 947 A.2d 913 (2008); *Lachowicz* v. *Rugens*, 119 Conn. App. 866, 870, 989 A.2d 651, cert. denied, 297 Conn. 901, 994 A.2d 1287 (2010).

The judgment is affirmed.

[1] We refer in this opinion to Theresa Maselli as the plaintiff and to her minor child as Angelina.

[2] General Statutes § 52-557n (a) (2) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

[3] At oral argument before this court, the plaintiff abandoned her claim that a reasonable juror could conclude that Samudosky's conduct rose to the level of being extreme and outrageous, which is necessary to establish the plaintiff's claim of intentional infliction of emotional distress.