******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JULIAN POCE ET AL. *v.* O & G
INDUSTRIES, INC., ET AL.
(AC 43511)

Alvord, Cradle and Bear, Js.

*Syllabus*

The plaintiffs sought to recover damages for, inter alia, the defendant O
Co.'s negligence related to their exposure to asbestos while working on
a construction project. The trial court granted in part O Co.'s motion
to strike the plaintiffs' amended complaint. Subsequently, the court
granted O Co.'s motion for summary judgment as to the remaining counts
against O Co. and rendered judgment thereon, from which the plaintiffs
appealed to this court. *Held* that the judgment of the trial court was
affirmed; the trial court, having fully addressed the claims and arguments
raised in this appeal, this court adopted the trial court's thorough and
well reasoned memoranda of decision as proper statements of the rele-
vant facts, issues and applicable law on those issues.

Argued October 13, 2021—officially released January 18, 2022

*Procedural History*

Action to recover damages for, inter alia, the defen-
dants' negligence, brought to the Superior Court in the
judicial district of Hartford, where the plaintiff filed
an amended complaint; thereafter, the court, *Noble, J.*,
granted in part the defendants' motions to strike; subse-
quently, the court, *Noble, J.*, denied the motion for sum-
mary judgment filed by the defendant Southern Middle-
sex Industries, Inc., and granted the named defendant's
motion for summary judgment and rendered judgment
thereon, from which the plaintiffs appealed to this
court; thereafter, the plaintiffs withdrew their appeal
as to the defendant Southern Middlesex Industries, Inc.
*Affirmed.*

*Austin Berescik-Johns*, with whom, on the brief, was
*Paul Levin*, for the appellants (plaintiffs).

*Michael S. Lynch*, with whom, on the brief, was
*Nicole A. Carnemolla*, for the appellee (named defen-
dant).

*Opinion*

PER CURIAM. The plaintiffs, Julian Poce, Skerdinand Xhelaj, Michael Meredith, Erjon Goxhaj, and Fatjon Rapo, appeal from the summary judgment rendered by the trial court in favor of the defendant O & G Industries, Inc.[1] On appeal, the plaintiffs claim that the court improperly granted the defendant's (1) motion to strike and (2) motion for summary judgment. We affirm the judgment of the trial court.

The plaintiffs commenced the present action in December, 2016, and filed the operative complaint in May, 2017. The plaintiffs, mason laborers who were employed by Connecticut Mason Contractors, Inc., alleged that they repeatedly were exposed to asbestos while working on a large-scale construction project at Wethersfield High School in Wethersfield. Relevant to this appeal, each of the five plaintiffs asserted claims against the defendant, the construction/project manager for the Wethersfield High School project, sounding in negligence, negligent infliction of emotional distress, premises liability, and recklessness. On March 29, 2017, the defendant filed a motion to strike the claims against it. The plaintiffs filed an objection. On December 5, 2017, the court, *Noble, J.*, issued its memorandum of decision, in which it granted the motion to strike in part as to the plaintiffs' claims of negligence, premises liability, and recklessness.

On September 7, 2018, the defendant filed a motion for summary judgment as to the plaintiffs' remaining claims against it, which sounded in negligent infliction of emotional distress. The plaintiffs filed an objection and a memorandum in opposition to the defendant's motion for summary judgment. Oral argument was held on June 3, 2019. On September 30, 2019, the court, *Noble, J.*, issued its memorandum of decision, in which it granted the defendant's motion for summary judgment and rendered judgment thereon. This appeal followed.

On appeal, the plaintiffs claim that the court improperly granted the defendant's motion to strike and motion for summary judgment. Our examination of the record on appeal, and of the briefs and oral arguments of the parties, persuades us that the judgment of the trial court should be affirmed. Because the court's memoranda of decision fully address the arguments raised in the present appeal, we adopt the court's thorough and well reasoned decisions as proper statements of the facts and applicable law as to the claims against the defendant.[2] See *Poce* v. *O & G Industries, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-17-6074254-S (December 5, 2017) (reprinted at 210 Conn. App. , A.3d ); *Poce* v. *O & G Industries, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-17-6074254-S (September 30, 2019) (reprinted at 210

Conn. App.     ,      A.3d     ). It would serve no useful purpose for us to repeat the discussions contained therein. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010); *Maselli* v. *Regional School District No. 10*, 198 Conn. App. 643, 647–48, 235 A.3d 599, cert. denied, 335 Conn. 947, 238 A.3d 19 (2020).

The judgment is affirmed.

[1] The plaintiffs also named Southern Middlesex Industries, Inc. (SMI), as a defendant in this action. SMI moved to strike counts twenty-one through thirty of the plaintiffs' operative complaint. The court granted SMI's motion to strike as to counts twenty-one through twenty-five and denied it as to counts twenty-six through thirty. SMI thereafter filed a motion for summary judgment as to counts twenty-six through thirty, which the court denied. On July 20, 2020, the plaintiffs withdrew their action against SMI, and, on August 18, 2020, the plaintiffs withdrew their appeal as to SMI. Accordingly, we refer in this opinion to O & G Industries, Inc., as the defendant and to SMI by name.

[2] Both memoranda of decision address claims against SMI. See footnote 1 of this opinion. Because SMI is no longer a party to this action, we adopt the trial court's memoranda of decision only as they relate to the claims against the defendant.

––––––––––––––––––––––––––––––